[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed a motion for contempt against the defendant alleging that the defendant failed to return personal property items that were awarded to the plaintiff in a dissolution of marriage judgment dated March 4, 1997. The judgment of March 4, 1997 stated that "The defendant shall be entitled to remove from the marital home his tools (excluding CT Page 3496 house/garden tools), personal property and his SNET memorabilia."
On January 22, 1998, the defendant filed a motion for contempt against the plaintiff alleging that the plaintiff was denying him access to his personal property items and was demanding that the defendant submit a list to her, prior to her allowing any property items to be removed. No action was taken on this matter, and no additional court orders were entered, when the matter was scheduled on March 2, 1998. No further action was taken regarding the division or return of personal property items, including the house/garden tools, until July 6, 1998, when the court referred the parties to Family Services Unit for a "Personal Property Evaluation Report." The parties met at the Family Services offices on August 21, 1998 and a list of all disputed items was prepared and discussed. The initials of each party were placed next to each item to be awarded to either party, and said Evaluation Report was filed with the Court on October 16, 1998.
On February 2, 2001, the plaintiff filed a motion for contempt against the defendant alleging that "the property awarded to the plaintiff pursuant to March 4, 1997 divorce decree was not transferred as ordered." On February 26, 2001, this court heard testimony from the parties regarding the disputed personal property items and continued the hearing to March 12, 2001 to allow the defendant the opportunity to locate the items and to return them to the plaintiff.
On March 12, 2001, the court heard further arguments from the parties. The plaintiff submitted a list of items to be returned (Plaintiff's Exhibit 1). The defendant submitted a list of items he has now returned to the plaintiff (Defendant's Exhibit A). The defendant also submitted the Family Services Personal Property Report dated October 1, 1998 (Defendant's Exhibit B).
The defendant claims that on March 9, 2001 in the evening, he returned approximately 61 items to the front of the plaintiff's garage. The items returned included various household and garden tools. He testified that he notified the plaintiff in advance of his intent to deliver these items. The plaintiff informed the defendant that while she would not be present at home at the time of the scheduled delivery, she assented to the delivery in her absence. The plaintiff agrees that she gave her consent to this delivery. The defendant, however, testified that when she arrived home later that evening, only four or five items of personal property were left in front of her garage in the driveway area. Both parties agree that the rider lawnmower was not delivered to the plaintiff, as it is in storage with a relative of the defendant, who is presently out of state on a temporary seasonal basis. The defendant has agreed to return the lawn mower to the plaintiff when he gains access to the stored area where CT Page 3497 said mower is kept.
This court has been placed in the position of dividing personal property items such as rakes, shovels, screwdrivers and wrenches, etc. — four years subsequent to the dissolution of marriage judgment and two and one-half years after the Family Services Personal Property Evaluation Report was filed on October 16, 1998. The parties are in almost total disagreement about which items have been returned to the plaintiff except for the lawnmower, which the defendant admits has not been returned. Due to the length of time which has passed without the plaintiff diligently pressing her claim for the return of these items, the court is left with little guidance other than judging the credibility of each party's testimony and argument, as well as, a review of the exhibits.
The court finds that except for the rider-lawnmower, the defendant has complied with the terms of the judgment of dissolution of marriage regarding the return of the "house/garden tools" to the plaintiff and is not in contempt of court at this time.
The court does, however, order that the defendant deliver the rider-lawnmower to the plaintiff's residence on or before April 30, 2001. The defendant will give the plaintiff seventy-two hours advance notice of his intent to effectuate the delivery of the lawnmower. If the defendant has not returned said mower to the plaintiff on or before April 30, 2001, the court will hear further argument as to any contempt of court by the defendant, regarding only the lawnmower and the defendant's failure to return it to the plaintiff.
THE COURT
ARNOLD, J.